IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JENNIFER BARKER,<br>INDIVIDUALLY AND<br>ON BEHALF OF ALL OTHERS<br>SIMILARLY SITUATED<br><br>            PLAINTIFF<br><br>Vs.<br><br><br>PATRICK COLLINS, INC.<br>   8015 Deering Avenue<br>   Canoga Park, California 91304<br><br>AND<br><br>MALIBU MEDIA, LLC<br>   31356 Broad Beach Road<br>   Malibu, California 90265<br><br>AND<br><br>RAW FILMS, LTD<br>   37 Warren Street<br>   London, W1t 6ad, UK<br><br>AND<br><br>K-BEECH, INC.<br>   9601 Mason Avenue, Unit B<br>   Chatsworth, California 91311<br><br>AND<br><br>THIRD DEGREE FILMS<br>   20525 Nordhoff Street, #4<br>   Chatsworth, CA 91311<br><br>            DEFENDANTS | **COMPLAINT**<br>**WITH CLASS ALLEGATIONS**<br>**JURY DEMAND AS TO ALL**<br>**COUNTS**<br><br>CASE NO. __3-12-cv-372-S__ |

1

## INTRODUCTION

This is an action for damages against Patrick Collins, Inc.; Malibu Media, LLC; Raw Films, LTD; Third Degree Films, Inc.; and K-Beech, Inc.  These entities, various pornography purveyors, have filed suit in numerous venues seeking to extort money from individuals they claim have downloaded pornography from the Internet.  The pornography purveyors utilize a technique known as trolling whereby individuals hired by the various pornography purveyors search for Internet protocol (IP) addresses associated with the use of file sharing software such as BitTorrent.  Once the IP addresses have been harvested, the various pornography purveyors file suit naming defendants as John Doe.  They then seek to have mass subpoenas issued for the Internet providers associated with the harvested IP addresses in order to obtain the name and address of the owner of the IP address on the date it was harvested.  Recently, the pornography purveyors have begun using the court system of the state of Florida to file true bill of discovery lawsuits in which they seek only to extract the names and addresses of the individuals associated with the various IP addresses.

Once they obtain contact information, the pornography purveyors begin to shakedown these individuals by telephone.  The tactics of the pornography purveyors clearly indicate that they are not convinced that the individuals they accuse of downloading pornography from the Internet have actually done so.  This is true because they often shake the individuals down for $1,000-$5,000.  The pornography purveyors know that this amount of money is less than the cost of defense would be if suit were filed.  They also know that individuals such as the Plaintiff in this matter are embarrassed to have their names associated with pornography, and therefore, are susceptible to being shaken down.  In fact, if the individuals could be proven to have downloaded the pornography unlawfully from the Internet, the pornography purveyors could

collect civil statutory damages of $150,000 for a willful infringement such as they allege, yet they settle for $1,000-$5,000.

In effect, the pornography purveyors have developed a new business model using the court system to extort money from individuals who are merely identified by IP address and with no proof whatsoever that they downloaded copyrighted materials from the Internet. By extorting settlements of $1,000-$5,000 the pornography purveyors have developed a model whereby they can unlawfully gain more money than they can by selling access to their pornographic videos.

## PARTIES

1. Plaintiff, Jennifer Barker, brings this action on behalf of herself and all others similarly situated. Ms. Barker was a citizen and resident of Louisville, Jefferson County, Kentucky at all times relevant herein.

2. Defendant, Patrick Collins, Inc. is a California corporation with a principal place of business located at 8015 Deering Avenue, Canoga Park, California 91304.

3. Defendant, Malibu Media, LLC is a California limited liability company with a principal place of business located at 31356 Broad Beach Road, Malibu, California 90265.

4. Defendant, Raw Films, LTD is a British company with a principal place of business located at 37 Warren Street, London, W1t 6ad, United Kingdom.

5. Defendant, K-Beech, Inc. is a California corporation with a principal place of business located at 9601 Mason Avenue, Unit B, Chatsworth, California 91311.

6. Defendant Third Degree Films, Inc. is a California corporation with a principal place of business located at 20525 Nordhoff Street, #4, Chatsworth, California 91311.

## JURISDICTION AND VENUE

7. This matter raises causes of action under both state and Federal law. Because

claims under Federal law have been raised, this Court has jurisdiction over this matter pursuant to 28 USC § 1331 and supplemental jurisdiction over all state law claims pursuant to 28 USC § 1367.

8. Venue properly lies in the U.S. District Court for the Western District of Kentucky, Louisville Division, because the matters complained of herein occurred in Louisville, Jefferson County, Kentucky.

## FACTS

9. The pornography industry has begun a campaign to shakedown users of file sharing technology such as BitTorrent as well as individuals who have never used any file sharing technology. Often these targets of the pornography industry have had their IP address "spoofed," a process whereby an IP address is forged and made to appear to be an IP address other than the actual IP address of the person using the Internet. Others have been the victims of a compromised home network that has been used by others unbeknownst to the owner of the network. Furthermore, even if the IP address has been correctly identified, the mere fact of ownership of the IP address does not in any way indicate that the owner participated in an unlawful download of copyrighted material.

10. On information and belief, the industry has hired a British company, Intellectual Property Protection, Limited (IPP), to "troll" for BitTorrent users. Trolling involves monitoring certain web sites and Internet locations for BitTorrent activity.

11. On information and belief, once an IP address is identified as using BitTorrent, the IP address is recorded by IPP and forwarded to the pornography purveyors and their attorneys.

12. On information and belief, the pornography purveyors and their attorneys then

draft nearly identical lawsuits to be filed, naming defendants and John and/or Jane Does and alleging that their IP addresses were identified as downloading pornography.

13.     Recently, the pornography purveyors have begun filing bill of discovery lawsuits in Florida, asking the Florida courts to approve mass subpoenas from the pornography purveyors to the Internet service providers associated with the harvested IP addresses requiring the Internet service providers to provide the names and addresses associated with the identified IP addresses.

14.     When the pornography purveyors get the names and addresses associated with the various IP addresses, they begin contacting the individuals and demanding a settlement, usually in the range of $1,000 to $5,000.

15.     In or about late May, Ms. Barker was contacted by an individual named Stephanie Hansen, who represented that she was associated with a law firm that was seeking to settle a lawsuit in which Ms. Barker had been named as a defendant.

16.     On information and belief, Ms. Hansen works for an entity created by the Defendants herein whose sole purpose is to extort settlements from individuals such as Ms. Barker. On information and belief, Ms. Hanson is located in Agoura Hills, California, and is not employed or otherwise associated with any law firm, particularly the law firm that filed the bill of discovery lawsuit purportedly pertaining to Ms. Barker.

17.     Ms. Hansen provided Ms. Barker with a telephone number ((818) 292-8065) at which she could be contacted. Additionally, Ms. Hansen told Ms. Barker that the case she had been named a defendant in was pending in Dade County, Florida with a case number of 12-01794-CA-13.

18.     Ms. Hansen accused Ms. Barker of downloading several titles from a web site, X-Art, on information and belief owned by Malibu Media, LLC, during the month of December

2011.

19. In fact, at the time all contact with Ms. Barker was made by Ms. Hansen, Ms. Barker had not been notified of any subpoena for her IP address.

20. Ms. Hansen demanded that Ms. Barker pay money to settle the lawsuit or she would be identified publicly as having downloaded pornography and would be subject to hundreds of thousands of dollars as a judgment if the suit went forward because there were multiple downloads. Numerous individuals on the Internet report receiving a phone call from the same telephone number as that provided by Ms. Hansen to Ms. Barker with a demand that they pay money to settle a lawsuit against them.

21. Ms. Barker refused to pay any money because she did not know what BitTorrent was and had never downloaded any pornography from the Internet. On information and belief, many other members of the class have paid sums of money in settlement with the pornography purveyors even though they had never downloaded any pornography from the Internet, and certainly had never unlawfully downloaded any pornography from the Internet.

22. Subsequently, Ms. Hansen and others associated with her called Ms. Barker's place of employment and left messages on the voicemail to which several of Ms. Barker's co-workers also had access and continued to contact Ms. Barker on her personal telephone. Class members have been subjected to the same or similar treatment.

## COUNT I:
## VIOLATION OF 18 U.S.C. § 1961, et seq. (RICO)

23. The Defendants herein joined together to file a bill of discovery suit in the Dade County, Florida Circuit Court, styled *Patrick Collins, Inc., et al. v. John Does 1-347*, Case No. 2012-1794-CA-01 (local case number) or 13-2012-CA-001794-0000-01 (state case number).

24. Although Ms. Hansen gave Ms. Barker an incorrect case number, the case

6

numbers in paragraph 23 correctly identify the case, which is pending in Judicial Section 13 in the Dade County Circuit Court.

25.     The Defendants herein conspired by joining together to use improper litigation tactics and by hiring an entity to "negotiate settlements" on their behalf to the lawsuits, even though the lawsuit in which Ms. Barker was named and many others were named did not seek any damages whatsoever.

26.     Ms. Hansen, on behalf of the Defendants herein, used telephone lines to attempt to extort a settlement from Ms. Barker, when in fact, Ms. Barker had not been named as a defendant in the aforementioned lawsuit, had never used BitTorrent, and had never downloaded any pornography from the Internet.  Other class members were subjected to the same shakedown, and, on information and belief, many class members have paid sums of money to the Defendants to settle lawsuits even though they had never unlawfully downloaded pornography from the Internet.

27.     18 U.S.C. § 1343 makes it unlawful to use wire transmissions in a scheme or artifice to attempt to fraudulently obtain money from another.

28.     Ms. Hansen and others violated the provisions of 18 U.S.C. § 1343 on behalf of the Defendants herein by attempting to fraudulently obtain money from Ms. Barker and others similarly situated as described herein above by use of interstate telephone communications. These multiple telephone calls placed to Ms. Barker and others similarly situated form the predicate acts requisite for claims under 18 U.S.C. § 1966(c).

29.     18 U.S.C. § 1966(c) provides for a private cause of action against those who violate 18 U.S.C. § 1962, such as the violation of 18 U.S.C. § 1343 described herein above, as part of a pattern of criminal activity.

30. Ms. Barker and others similarly situated have suffered injury by way of the Defendants' violation of 18 U.S.C. § 1962 for which they should be awarded treble damages in such amount as they may prove and their reasonable attorney fees pursuant to 18 U.S.C. § 1964.

### COUNT II:
### COMMON LAW FRAUD

31. Defendants, through their agents Ms. Hansen and others, made material misrepresentations to and/or withheld material information from Ms. Barker and others similarly situated in order to extract money from them. Specifically, Defendants, through their agents, falsely represented that Ms. Barker and others similarly situated were parties to a lawsuit pending in the Florida courts and/or elsewhere. Defendants further falsely represented to Ms. Barker and others similarly situated that they had used BitTorrent to download pornography from specific web sites. Defendants, through their agents Ms. Hansen and others, failed to inform Ms. Barker and others similarly situated that the lawsuit referenced in their telephone calls was a bill of discovery lawsuit in which no damages were sought. Defendants, through their agents Ms. Hansen and others, failed to inform Ms. Barker and others similarly situated that no proof existed that she and/or others similarly situated had used the Internet to download any pornography. Further, Defendants, through their agents Ms. Hansen and others, threatened Ms. Barker and others similarly situated with enhanced civil fines when, in fact, no lawsuit seeking damages had been filed against Ms. Barker or others similarly situated.

32. Ms. Barker and others similarly situated relied to their detriment upon the material misrepresentations and/or material omissions made by Defendants, through their agents Ms. Hansen and others, and suffered damages for which they should be compensated.

## COUNT III:
## COMMON LAW DEFAMATION

33. Defendants, by and through their agents Ms. Hansen and others, have falsely accused Ms. Barker and others similarly situated of illegally downloading pornography from the Internet.

34. Defendants have published their false allegations against Ms. Barker and others similarly situated by leaving voicemail messages and using other means of communication to which persons other than Ms. Barker and others similarly situated had access.

35. Defendants acts have caused Ms. Barker and others similarly situated to suffer damage to their reputation for which they should be compensated.

## COUNT IV:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. As part and parcel of their plan and scheme, Defendants herein attempted to use the distress felt by Ms. Barker and others similarly situated to fraudulently extract money from them. The acts described herein above taken by Defendants against Ms. Barker and others similarly situated are outrageous and offend notions of common decency within the community.

37. Ms. Barker and others similarly situated suffered extreme emotional distress as a result of Defendants' acts described herein above for which they should be compensated.

## COUNT V:
## UNJUST ENRICHMENT

38. The fraudulent behavior and tactics employed by Defendants herein above described resulted in the Defendants obtaining money to which they are not entitled from many of the members of the Plaintiff Class.

39. Defendants' unlawful acts described herein above have led to Defendants being unjustly enriched, and therefore, Defendants should be required to disgorge all funds so obtained

from members of the Plaintiff Class.

## COUNT VI:
## PUNITIVE DAMAGES

40. Defendants' unlawful acts described herein above were taken with actual malice and/or recklessly in disregard for Ms. Barker's and others' similarly situated rights and property.

41. Ms. Barker and others similarly situated are entitled to an award of punitive damages in such amount as jury may find just at trial of this matter.

## CLASS ALLEGATIONS

42. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(1)(A), 23(b)(2) and 23(b)(3) on behalf of herself and a Class of individuals throughout the United States who have been subjected to the unlawful extortion attempts of the Defendants herein. The Class period begins on July 1, 2007 and continues through the date of judgment.

43. A Subclass of individuals includes those individuals who have not infringed Defendants' copyrights but who have paid sums of money to "settle" lawsuits brought by the Defendants.

44. The Class is so numerous that it is impractical to join all members as named Plaintiffs herein. The exact number of members of the Class is unknown but is believed to be in excess of 200,000.

45. There are questions of law and fact common to the Class and Subclass, and the claims of the Plaintiff are typical of the claims of the members of both the Class and the Subclass.

46. Plaintiff will fairly and adequately protect the interests of the Class and Subclass and there are no apparent conflicts between the Plaintiff and the Class or Subclass.

47. Plaintiff has retained competent counsel who have significant experience in

prosecuting class action litigation and who will vigorously pursue the Class' and Subclass' claims throughout the course of this litigation.

48. The prosecution of separate actions by individual members of the Class or the Subclass would create a risk of inconsistent adjudications with respect to individual members of the Class and/or Subclass and incompatible standards of conduct applicable to the Defendants.

49. The questions of law and fact common to the members of the Class and the Subclass predominate over any questions affecting only individual members of the classes.

50. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

51. Plaintiff anticipates no difficulty in the management of this litigation. Defendants' records permit identification of and notice to the members of the respective Class and Subclass.

**WHEREFORE**, Plaintiff, Jennifer Barker, individually and on behalf of all members of the Class and Subclass demands as follows:

1. That Defendants be summoned to appear and answer;

2. Trial by jury on all issues so triable;

3. Judgment on all Counts of this Complaint against Defendants;

4. Award of damages adequate to compensate the Class and Subclass with such damages to be determined by a jury and trebled;

5. Award of prejudgment and post judgment interest at the maximum rate allowed by law;

6. Leave to amend this Complaint as proof develops; and

7. Any and all other relief to which they may appear reasonably entitled.

Respectfully submitted,

/s/ Kenneth J. Henry
Kenneth J. Henry
Henry & Associates, PLLC
331 Townepark Circle
Suite 200
Louisville, KY 40243
(502) 245-9100
*Counsel for Plaintiff*