IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER BARKER | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| SABREE HUTCHINSON | ) | |
| | ) | |
| INDIVIDUALLY AND | ) | |
| ON BEHALF OF ALL OTHERS | ) | |
| SIMILARLY SITUATED | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| Vs. | ) | **FIRST AMENDED COMPLAINT** |
| | ) | **WITH CLASS ALLEGATIONS** |
| | ) | **JURY DEMAND AS TO ALL** |
| PATRICK COLLINS, INC. | ) | **COUNTS** |
| 8015 Deering Avenue | ) | |
| Canoga Park, California 91304 | ) | **CASE NO. 3:12-cv-372-S** |
| | ) | |
| AND | ) | |
| | ) | |
| MALIBU MEDIA, LLC | ) | |
| 31356 Broad Beach Road | ) | |
| Malibu, California 90265 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| RAW FILMS, LTD | ) | |
| 37 Warren Street | ) | |
| London, W1t 6ad, UK | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| K-BEECH, INC. | ) | |
| 9601 Mason Avenue, Unit B | ) | |
| Chatsworth, California 91311 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| THIRD DEGREE FILMS | ) | |
| 20525 Nordhoff Street, #4 | ) | |
| Chatsworth, CA 91311 | ) | |

1

)
)
DEFENDANTS )
)

## INTRODUCTION

This is an action for damages against Patrick Collins, Inc.; Malibu Media, LLC; Raw Films, LTD; Third Degree Films, Inc.; and K-Beech, Inc.  These entities, various pornography purveyors, have filed suit in numerous venues seeking to extort money from individuals they claim have downloaded pornography from the Internet.  The pornography purveyors utilize a technique known as trolling whereby individuals hired by the various pornography purveyors search for Internet protocol (IP) addresses associated with the use of file sharing software such as BitTorrent.  Once the IP addresses have been harvested, the various pornography purveyors file suit naming defendants as John Doe.  They then seek to have mass subpoenas issued for the Internet providers associated with the harvested IP addresses in order to obtain the name and address of the owner of the IP address on the date it was harvested.  Recently, the pornography purveyors have begun using the court system of the state of Florida to file true bill of discovery lawsuits in which they seek only to extract the names and addresses of the individuals associated with the various IP addresses.

Once they obtain contact information, the pornography purveyors begin to shakedown these individuals by telephone.  The tactics of the pornography purveyors clearly indicate that they are not convinced that the individuals they accuse of downloading pornography from the Internet have actually done so.  This is true because they often shake the individuals down for $1,000-$5,000.  The pornography purveyors know that this amount of money is less than the cost of defense would be if suit were filed.  They also know that individuals such as the Plaintiff in this matter are embarrassed to have their names associated with pornography, and therefore, are

2

susceptible to being shaken down.  In fact, if the individuals could be proven to have downloaded the pornography unlawfully from the Internet, the pornography purveyors could collect civil statutory damages of $150,000 for a willful infringement such as they allege, yet they settle for $1,000-$5,000.

In effect, the pornography purveyors have developed a new business model using the court system to extort money from individuals who are merely identified by IP address and with no proof whatsoever that they downloaded copyrighted materials from the Internet.  By extorting settlements of $1,000-$5,000 the pornography purveyors have developed a model whereby they can unlawfully gain more money than they can by selling access to their pornographic videos.

## PARTIES

1. Plaintiff, Jennifer Barker, brings this action on behalf of herself and all others similarly situated.  Ms. Barker was a citizen and resident of Louisville, Jefferson County, Kentucky at all times relevant herein.

2. Plaintiff, Sabree Hutchinson, brings this action on behalf of herself and all others similarly situated.  Ms. Hutchinson was a citizen and resident of Shepherdsville, Bullitt County, Kentucky at all times relevant herein.

3. Defendant, Patrick Collins, Inc. is a California corporation with a principal place of business located at 8015 Deering Avenue, Canoga Park, California 91304.

4. Defendant, Malibu Media, LLC is a California limited liability company with a principal place of business located at 31356 Broad Beach Road, Malibu, California 90265.

5. Defendant, Raw Films, LTD is a British company with a principal place of business located at 37 Warren Street, London, W1t 6ad, United Kingdom.

6. Defendant, K-Beech, Inc. is a California corporation with a principal place of business

located at 9601 Mason Avenue, Unit B, Chatsworth, California 91311.

7. Defendant Third Degree Films, Inc. is a California corporation with a principal place of business located at 20525 Nordhoff Street, #4, Chatsworth, California 91311.

## JURISDICTION AND VENUE

8. This matter raises causes of action under both state and Federal law. Because claims under Federal law have been raised, this Court has jurisdiction over this matter pursuant to 28 USC § 1331 and supplemental jurisdiction over all state law claims pursuant to 28 USC § 1367.

9. Venue properly lies in the U.S. District Court for the Western District of Kentucky, Louisville Division, because the matters complained of herein occurred in Louisville, Jefferson County, Kentucky.

## FACTS

10.    The pornography industry has begun a campaign to shakedown users of file sharing technology such as BitTorrent as well as individuals who have never used any file sharing technology.  Often these targets of the pornography industry have had their IP address "spoofed," a process whereby an IP address is forged and made to appear to be an IP address other than the actual IP address of the person using the Internet.  Others have been the victims of a compromised home network that has been used by others unbeknownst to the owner of the network.  Furthermore, even if the IP address has been correctly identified, the mere fact of ownership of the IP address does not in any way indicate that the owner participated in an unlawful download of copyrighted material.

11.    On information and belief, the industry has hired a British company, Intellectual Property Protection, Limited (IPP), to "troll" for BitTorrent users.  Trolling involves monitoring certain web sites and Internet locations for BitTorrent activity.

12.     On information and belief, once an IP address is identified as using BitTorrent, the IP address is recorded by IPP and forwarded to the pornography purveyors and their attorneys.

13.     On information and belief, the pornography purveyors and their attorneys then draft nearly identical lawsuits to be filed, naming defendants and John and/or Jane Does and alleging that their IP addresses were identified as downloading pornography.

14.     Recently, the pornography purveyors have begun filing bill of discovery lawsuits in Florida, asking the Florida courts to approve mass subpoenas from the pornography purveyors to the Internet service providers associated with the harvested IP addresses requiring the Internet service providers to provide the names and addresses associated with the identified IP addresses.

15.     When the pornography purveyors get the names and addresses associated with the various IP addresses, they begin contacting the individuals and demanding a settlement, usually in the range of $1,000 to $5,000.

## FACTS SPECIFIC TO MS. BARKER

16.     In or about late May, Ms. Barker was contacted by an individual named Stephanie Hansen, who represented that she was associated with a law firm that was seeking to settle a lawsuit in which Ms. Barker had been named as a defendant.

17.     On information and belief, Ms. Hansen works for an entity created by the Defendants herein whose sole purpose is to extort settlements from individuals such as Ms. Barker.  On information and belief, Ms. Hanson is located in Agoura Hills, California, and is not employed or otherwise associated with any law firm, particularly the law firm that filed the bill of discovery lawsuit purportedly pertaining to Ms. Barker.

18.     Ms. Hansen provided Ms. Barker with a telephone number ((818) 292-8065) at

5

which she could be contacted.  Additionally, Ms. Hansen told Ms. Barker that the case she had been named a defendant in was pending in Dade County, Florida with a case number of 12-01794-CA-13.

19.     Ms. Hansen accused Ms. Barker of downloading several titles from a web site, X-Art, on information and belief owned by Malibu Media, LLC, during the month of December 2011.

20.     In fact, at the time all contact with Ms. Barker was made by Ms. Hansen, Ms. Barker had not been notified of any subpoena for her IP address.

21.     Ms. Hansen demanded that Ms. Barker pay money to settle the lawsuit or she would be identified publicly as having downloaded pornography and would be subject to hundreds of thousands of dollars as a judgment if the suit went forward because there were multiple downloads.  Numerous individuals on the Internet report receiving a phone call from the same telephone number as that provided by Ms. Hansen to Ms. Barker with a demand that they pay money to settle a lawsuit against them.

22.     Ms. Barker refused to pay any money because she did not know what BitTorrent was and had never downloaded any pornography from the Internet.  On information and belief, many other members of the class have paid sums of money in settlement with the pornography purveyors even though they had never downloaded any pornography from the Internet, and certainly had never unlawfully downloaded any pornography from the Internet.

23.     Subsequently, Ms. Hansen and others associated with her called Ms. Barker's place of employment and left messages on the voicemail to which several of Ms. Barker's co-workers also had access and continued to contact Ms. Barker on her personal telephone.  Class members have been subjected to the same or similar treatment.

6

## FACTS SPECIFIC TO MS. HUTCHINSON

24.     In or about late October 2011, individuals purporting to be associated with K-Beech, Inc. began contacting Ms. Hutchinson and accusing her of unlawfully downloading a pornographic video entitled "Virgins #4."

25.     On information and belief, Ms. Hutchinson's IP address had been harvested by IPP and provided to counsel for K-Beech to use in a bill of discovery lawsuit in Florida.

26.     On information and belief, Ms. Hutchinson's Internet service provider received a subpoena for her contact information, and provided the same to counsel for K-Beech, shortly before K-Beech's "representatives" first contacted her.

27.     As has been the case thousands of times across America, these "representatives" (in particular an individual named Mr. Palmer at telephone number (818) 292-8918) hounded Ms. Hutchinson, threatened to expose her as a downloader of pornography, and further threatened her with a lawsuit in which she would be subject to up to $150,000 in damages.

28.     Even though neither Ms. Hutchinson nor anyone else in her household had downloaded the alleged pornography, she arranged to make a "settlement" payment in the amount of $2500 by taking out a loan.  She is still making payments on the loan.

### COUNT I:
### VIOLATION OF 18 U.S.C. § 1961, et seq. (RICO)

29.     The Defendants herein joined together to file a bill of discovery suit in the Dade County, Florida Circuit Court, styled *Patrick Collins, Inc., et al. v. John Does 1-347*, Case No. 2012-1794-CA-01 (local case number) or 13-2012-CA-001794-0000-01 (state case number).  On information and belief, Defendants also filed a bill of discovery lawsuit naming Ms. Hutchinson as a "Doe" defendant.

30.     Although Ms. Hansen gave Ms. Barker an incorrect case number, the case

7

numbers in paragraph 29 correctly identify the case, which is pending in Judicial Section 13 in the Dade County Circuit Court.

31.    The Defendants herein conspired by joining together to use improper litigation tactics and by hiring an entity to "negotiate settlements" on their behalf to the lawsuits, even though the lawsuits in which Ms. Barker and Ms. Hutchinson and many others were named did not seek any damages whatsoever.

32.    Ms. Hansen and Mr. Palmer, as well as others, on behalf of the Defendants herein, used telephone lines to attempt to extort a settlement from Ms. Barker and Ms. Hutchinson, when in fact, Ms. Barker had not been named as a defendant in the aforementioned lawsuit, had never used BitTorrent, and had never downloaded any pornography from the Internet.  The same is true as to Ms. Hutchinson.  Other class members were subjected to the same shakedown, and, on information and belief, many class members have paid sums of money to the Defendants to settle lawsuits even though they had never unlawfully downloaded pornography from the Internet.

33.    Defendants never intended to pursue litigation against Ms. Barker, Ms. Hutchinson, or any others similarly situated.

34.    18 U.S.C. § 1343 makes it unlawful to use wire transmissions in a scheme or artifice to attempt to fraudulently obtain money from another.

35.    Ms. Hansen, Mr. Palmer, and others violated the provisions of 18 U.S.C. § 1343 on behalf of the Defendants herein by attempting to fraudulently obtain money from Ms. Barker, Ms. Hutchinson, and others similarly situated as described herein above by use of interstate telephone communications.  These multiple telephone calls placed to Ms. Barker, Ms. Hutchinson, and others similarly situated form the predicate acts requisite for claims under 18

8

U.S.C. § 1966(c).

36.     18 U.S.C. § 1966(c) provides for a private cause of action against those who violate 18 U.S.C. § 1962, such as the violation of 18 U.S.C. § 1343 described herein above, as part of a pattern of criminal activity.

37.     Ms. Barker, Ms. Hutchinson, and others similarly situated have suffered injury by way of the Defendants' violation of 18 U.S.C. § 1962 for which they should be awarded treble damages in such amount as they may prove and their reasonable attorney fees pursuant to 18 U.S.C. § 1964.

**COUNT II:**
**COMMON LAW FRAUD**

38.     Defendants, through their agents Ms. Hansen, Mr. Palmer and others, made material misrepresentations to and/or withheld material information from Ms. Barker, Ms. Hutchinson, and others similarly situated in order to extract money from them.  Specifically, Defendants, through their agents, falsely represented that Ms. Barker, Ms. Hutchinson, and others similarly situated were parties to a lawsuit pending in the Florida courts and/or elsewhere. Defendants further falsely represented to Ms. Barker, Ms. Hutchinson, and others similarly situated that they had used BitTorrent to download pornography from specific web sites. Defendants, through their agents Ms. Hansen, Mr. Palmer, and others, failed to inform Ms. Barker, Ms. Hutchinson, and others similarly situated that the lawsuit referenced in their telephone calls was a bill of discovery lawsuit in which no damages were sought.  Defendants, through their agents Ms. Hansen, Mr. Palmer, and others, failed to inform Ms. Barker, Ms. Hutchinson, and others similarly situated that no proof existed that she and/or others similarly situated had used the Internet to download any pornography.  Further, Defendants, through their agents Ms. Hansen, Mr. Palmer, and others, threatened Ms. Barker, Ms. Hutchinson, and others

9

similarly situated with enhanced civil fines when, in fact, no lawsuit seeking damages had been filed against Ms. Barker, Ms. Hutchinson, or others similarly situated.

39.     Ms. Barker, Ms. Hutchinson, and others similarly situated relied to their detriment upon the material misrepresentations and/or material omissions made by Defendants, through their agents Ms. Hansen, Mr. Palmer, and others, and suffered damages for which they should be compensated.

<strong>COUNT III:</strong><br><strong>COMMON LAW DEFAMATION</strong>

40.     Defendants, by and through their agents Ms. Hansen and others, have falsely accused Ms. Barker, Ms. Hutchinson, and others similarly situated of illegally downloading pornography from the Internet.

41.     Defendants have published their false allegations against Ms. Barker, Ms. Hutchinson, and others similarly situated by leaving voicemail messages and using other means of communication to which persons other than Ms. Barker, Ms. Hutchinson, and others similarly situated had access.

42.     Defendants' acts have caused Ms. Barker, Ms. Hutchinson, and others similarly situated to suffer damage to their reputation for which they should be compensated.

<strong>COUNT IV:</strong><br><strong>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</strong>

43.     As part and parcel of their plan and scheme, Defendants herein attempted to use the distress felt by Ms. Barker, Ms. Hutchinson, and others similarly situated to fraudulently extract money from them.  The acts described herein above taken by Defendants against Ms. Barker, Ms. Hutchinson, and others similarly situated are outrageous and offend notions of common decency within the community.

44.     Ms. Barker, Ms. Hutchinson, and others similarly situated suffered extreme emotional distress as a result of Defendants' acts described herein above for which they should be compensated.

**COUNT V:**
**UNJUST ENRICHMENT**

45.     The fraudulent behavior and tactics employed by Defendants herein above described resulted in the Defendants obtaining money to which they are not entitled from many of the members of the Plaintiff Class.

46.     Defendants' unlawful acts described herein above have led to Defendants being unjustly enriched, and therefore, Defendants should be required to disgorge all funds so obtained from members of the Plaintiff Class.

**COUNT VI: DEFENDANTS' DO NOT HAVE**
**VALID, ENFORCEABLE COPYRIGHTS (FRAUD)**

47.     Defendants herein have claimed to have valid copyrights to works that they allege were part of BitTorrent swarms in which Ms. Barker, Ms. Hutchinson and others similarly situated were a part.

48.     Defendants threatened Ms. Barker, Ms. Hutchinson, and others similarly situated with lawsuits to enforce their copyrights, and either extracted from them "settlements" or attempted to extract from them "settlements" to avoid litigation pertaining to Defendants' claimed copyrights.

49.     Defendants' works for which they claimed copyrights, although registered with the United States Copyright Office, are obscene pursuant to the United States Supreme Court's opinion enunciated in the case of *Miller v. California*, 413 U.S. 15 (1973), which provides that a work is obscene if (1) an average person, applying contemporary community standards, would

find that the work, taken as a whole, would appeal to the prurient interest; (2) the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by state law; and (3) the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

50.     Kentucky (KRS 531.010, et seq.) and all other relevant states have adopted statutes in compliance with the standards set forth in *Miller* making it unlawful for Defendants herein to transmit their obscene works into the state by use of the Internet or otherwise.

51.     An average person applying contemporary community standards would find the works to which Defendants claim to hold valid copyrights, when taken as a whole, appeal to the prurient interest.

52.     The works to which Defendants allege to hold valid copyrights depict or describe, in a patently offensive way, sexual conduct specifically defined by Kentucky and all other relevant state law.

53.     Defendants' works for which they claim to hold valid copyrights lack serious literary, artistic, political, or scientific value.

54.     Copyright is a constitutional protection grounded in the United States Constitution, Article I, Section 8, and all statutory provisions relating to copyright are founded upon this constitutional section.

55.     In order to receive copyright protection, a work must contribute to the advancement of the sciences or the **useful** arts.

56.     Pursuant to the holding in *Miller*, obscene material is not entitled to First Amendment protection.

57.     Defendants' works for which they claim to hold copyrights are obscene, and therefore, are not entitled to copyright protection because they lacking in serious literary, artistic,

political, or scientific value and cannot, therefore contribute to the advancement of the sciences or the **useful** arts.

58.     Defendants herein have materially misrepresented that they hold valid copyrights to the works they allege were downloaded.

59.     Ms. Barker, Ms. Hutchinson, and others similarly situated have relied upon those material misrepresentations to their detriment by paying attorney fees and/or paying "settlements" to Defendants.

60.     Defendants by extracting "settlements" or attempting to extract "settlements" for copyright infringement when they do not hold valid copyrights for the works they claim were unlawfully downloaded have committed fraud for which Ms. Barker, Ms. Hutchinson, and others similarly situated should be compensated.

## COUNT VII: VIOLATION OF THE FAIR DEBTCOLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692, ET SEQ.

61.     Defendants' acts described herein above by and through Stephanie Hansen, Mr. Palmer, and others who represented that they were attempting to settle a lawsuit on behalf of the Defendants and who represented that they were associated with a law firm, when in fact they were acting as agents of the Defendants, violated multiple provisions of the FDCPA.

62.     Ms. Barker, Ms. Hutchinson, and all others similarly situated are "consumers" as defined in 15 U.S.C. § 1692a(3).

63.     Defendants herein are "debt collectors" as defined in 15 U.S.C. § 1692a(6).

64.     Defendants attempted to collect a "debt" as defined in 15 U.S.C. § 1692a(5) from Ms. Barker and all others similarly situated.

65.     Defendants herein violated the provisions of 15 U.S.C. § 1692b(1) by contacting third parties and not identifying themselves and stating that they were attempting to verify only

13

location information for Ms. Barker, Ms. Hutchinson, and all others similarly situated and by not identifying their employer when specifically asked to do so.

66.     Defendants herein violated the provisions of 15 U.S.C. § 1692b(2) by stating to third parties that Ms. Barker, Ms. Hutchinson, and all others similarly situated owed a debt.

67.     Defendants herein violated the provisions of 15 U.S.C. § 1692b(3) by communicating with third parties on multiple occasions as described herein above.

68.     Defendants herein violated the provisions of 15 U.S.C. § 1692b(6) by communicating on multiple occasions with Ms. Barker, Ms. Hutchinson, and all others similarly situated when they stated that they presumed Ms. Barker, Ms. Hutchinson, and all others similarly situated were represented by an attorney.

69.     Defendants herein violated the provisions of 15 U.S.C. § 1692c(a)(1) by communicating on multiple occasions with Ms. Barker, Ms. Hutchinson, and all others similarly situated at times and locations which they knew or should have know were inconvenient to Ms. Barker, Ms. Hutchinson, and all others similarly situated.

70.     Defendants herein violated the provisions of 15 U.S.C. § 1692c(a)(2) by communicating on multiple occasions with Ms. Barker, Ms. Hutchinson, and all others similarly situated when they knew Ms. Barker and all others similarly situated were represented by an attorney.

71.     Defendants herein violated the provisions of 15 U.S.C. § 1692c(a)(3) by communicating on multiple occasions with Ms. Barker, Ms. Hutchinson, and all others similarly situated at their place of employment when they knew or reasonably should have known the Ms. Barker's, Ms. Hutchinson's, and all others' similarly situated employers prohibited such communication.

72.     Defendants herein violated the provisions of 15 U.S.C. § 1692c(b) by communicating on multiple occasions with third parties pertaining to the alleged debt without the consent of Ms. Barker, Ms. Hutchinson, and all others similarly situated.

73.     Defendants herein violated the provisions of 15 U.S.C. § 1692d(5) by causing Ms. Barker's, Ms. Hutchinson's, and all others' similarly situated telephone to ring and/or engaging them in multiple conversations with the intent to annoy, abuse, and/or harass them.

74.     Defendants herein violated the provisions of 15 U.S.C. § 1692d(6) by calling Ms. Barker, Ms. Hutchinson, and all others similarly situated on multiple occasions without making a meaningful disclosure of their identity.

75.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(2)(A) by falsely identifying the character and/or amount of the alleged "debt" on multiple occasions to Ms. Barker, Ms. Hutchinson, and all others similarly situated.

76.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(3) by falsely communicating on multiple occasions to Ms. Barker, Ms. Hutchinson, and all others similarly situated that they were affiliated with an attorney.

77.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(5) on multiple occasions by threatening to take acts that could not be legally taken and/or that they had no intention of taking against Ms. Barker, Ms. Hutchinson, and all others similarly situated.

78.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(7) on multiple occasions by falsely representing and/or implying that Ms. Barker, Ms. Hutchinson, and all others similarly situated had committed crimes and/or had engaged in other conduct with the intent to disgrace them.

79.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(10) on multiple

occasions by using false and/or deceptive means with Ms. Barker, Ms. Hutchinson, and all others similarly situated to collect the alleged "debt" and/or collect information about them.

80.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(11) in their initial communication by failing to disclose to Ms. Barker, Ms. Hutchinson, and all others similarly situated that Defendants were attempting to collect a "debt" and all information obtained would be used for that purpose.   Defendants herein further violated the provisions of 15 U.S.C. 1692e(11) by failing to disclose in multiple subsequent communications with Ms. Barker, Ms. Hutchinson, and all others similarly situated that the calls were from a debt collector.

81.     Defendants herein violated the provisions of 15 U.S.C. § 1692e(14) on multiple occasions by using a business, company, or organization name other than the true name of the debt Defendants' business, company, or organization in communications with Ms. Barker, Ms. Hutchinson, and all others similarly situated.

82.     Defendants herein violated the provisions of 15 U.S.C. § 1692i(a)(2)(B) by bringing legal actions in venues other than where Ms. Barker, Ms. Hutchinson, and all others similarly situated resided at the time the legal action was commenced.

83.     As a result of the multiple, sustained, and voluminous violations of the FDCPA as above detailed, Ms. Barker, Ms. Hutchinson, and all others similarly situated are entitled to an award of damages as provided in 15 U.S.C. § 1692k and award of their reasonable attorney fees as provided in 15 U.S.C. § 1692k(a)(3).

## COUNT VIII:
## PUNITIVE DAMAGES

84.     Defendants' unlawful acts described herein above were taken with actual malice and/or recklessly in disregard for Ms. Barker's, Ms. Hutchinson's, and others' similarly situated rights and property.

16

85.     Ms. Barker, Ms. Hutchinson, and others similarly situated are entitled to an award of punitive damages in such amount as jury may find just at trial of this matter.

## CLASS ALLEGATIONS

86.     Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(1)(A), 23(b)(2) and 23(b)(3) on behalf of themselves and a Class of individuals throughout the United States who have been subjected to the unlawful extortion attempts of the Defendants herein.  The Class period begins on July 1, 2007 and continues through the date of judgment.

87.     A Subclass of individuals includes those individuals who have not infringed Defendants' copyrights but who have paid sums of money to "settle" lawsuits brought by the Defendants.

88.     The Class is so numerous that it is impractical to join all members as named Plaintiffs herein.  The exact number of members of the Class is unknown but is believed to be in excess of 200,000.

89.     There are questions of law and fact common to the Class and Subclass, and the claims of the Plaintiffs are typical of the claims of the members of both the Class and the Subclass.

90.     Plaintiffs will fairly and adequately protect the interests of the Class and Subclass, and there are no apparent conflicts between the Plaintiffs and the Class or Subclass.

91.     Plaintiffs have retained competent counsel who has significant experience in prosecuting class action litigation and who will vigorously pursue the Class' and Subclass' claims throughout the course of this litigation.

92.     The prosecution of separate actions by individual members of the Class or the Subclass would create a risk of inconsistent adjudications with respect to individual members of

the Class and/or Subclass and incompatible standards of conduct applicable to the Defendants.

93.     The questions of law and fact common to the members of the Class and the Subclass predominate over any questions affecting only individual members of the classes.

94.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

95.     Plaintiffs anticipate no difficulty in the management of this litigation. Defendants' records permit identification of and notice to the members of the respective Class and Subclass.

**WHEREFORE**, Plaintiffs, Jennifer Barker and Sabree Hutchinson, individually and on behalf of all members of the Class and Subclass demand as follows:

1.     That Defendants be summoned to appear and answer;

2.     Trial by jury on all issues so triable;

3.     Judgment on all Counts of this Complaint against Defendants;

4.     Award of damages adequate to compensate the Class and Subclass with such damages to be determined by a jury and trebled;

5.     Award of prejudgment and post judgment interest at the maximum rate allowed by law;

6.     Award of post judgment interest at the maximum rate allowed by law until such judgment shall be satisfied;

7.     Leave to amend this Complaint as proof develops; and

8.     Any and all other relief to which they may appear reasonably entitled.

Respectfully submitted,


/s/ Kenneth J. Henry
Kenneth J. Henry
Henry & Associates, PLLC
331 Townepark Circle
Suite 200
Louisville, KY 40243
(502) 245-9100
ken.henry@henry-legal.com
*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above document was electronically filed via the ECF system for the U.S. District Court for the Western District of Kentucky on this the 29th day of July 2012.  The undersigned also transmitted a copy of the foregoing to counsel for the Defendants herein via electronic mail on this the 29th day of July 2012 at the address shown below:

Keith Lipscomb
Lipscomb Eisenberg & Baker, LP
2 Biscayne Blvd.
Penthouse Suite 3800
Miami, FL 33131
klipscomb@lebfirm.com


/s/ Kenneth J. Henry