IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JENNIFER BARKER AND SABREE ) <br> HUTCHINSON, INDIVIDUALLY ) <br> AND ON BEHALF OF ALL OTHERS ) <br> SIMILARLY SITUATED, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> PATRICK COLLINS, INC., MALIBU ) <br> MEDIA, LLC, RAW FILMS, LTD., ) <br> K-BEECH, INC., and THIRD DEGREE ) <br> FILMS, INC., ) <br> ) <br> Defendants. ) <br> ) | CIVIL CASE NO: 3:12-cv-00372-S |

**Memorandum in Support of Plaintiffs' Motion
for Leave to Take Limited Discovery Prior to Rule 26 Planning Conference**

**I.      INTRODUCTION**

Defendants herein have filed a Motion to dismiss based upon, among other things, lack of personal jurisdiction and improper venue.  In order to address these two issues, Plaintiffs need to take discovery prior to the Rule 26 planning conference for the reasons set forth below.

The genesis of this case arises from  "pure bill of discovery" lawsuits filed in the Florida state courts.  In those suits, the defendants herein seek only the contact information of "Doe" defendants in order to attempt to "settle" with the "Doe" defendants for purported copyright infringement of pornographic videos downloaded via the BitTorrent protocol.  This suit was filed on behalf of the named

plaintiffs herein and on behalf of all others similarly situated who have been victimized by the new "business model" developed by the pornography studios.

After receiving the contact information from the "Doe" defendants from their Internet service providers ("ISPs"), the defendants herein, through various individuals they have joined together to hire, attempt to coerce "settlements" in amounts ranging from $1000 to $5000 from the "Doe" defendants.  Thousands of individuals across the nation have been victims of this scheme termed by one federal judge as a "shakedown" and by another federal judge as "extortion."

Interestingly, although the defendants herein allege that this Court lacks both personal and subject matter jurisdiction, they have filed these bill of discovery lawsuits in Florida state courts even though the federal courts have exclusive jurisdiction over issues involving copyright infringement.  Thus, even if they were to move forward with litigation seeking damages, such litigation would have to be filed in the federal courts.

## II.   PERSONAL JURISDICTION

Although jurisdiction and venue are separate issues, they are closely associated.  Defendants argue that this Court lacks personal jurisdiction over them.  If, however, this Court has personal jurisdiction over the defendants, then venue in the Western District of Kentucky is also proper because the acts complained of occurred in Kentucky.

Jurisdiction is a threshold consideration. Without both subject matter and personal jurisdiction over the defendant(s) the court is without power to proceed. *American Telcom Co., LLC, et al. v. Republic of Lebanon*, 501 F.3d 534 (6th Cir. 2007);

*Bird v. Parsons, et al.*, 289 F.3d 865, 872 (6th Cir. 2002). Thus, if this Court does not have personal jurisdiction over the defendants or subject matter jurisdiction, the plaintiffs herein cannot proceed in this forum.

To establish personal jurisdiction over a defendant, the defendant must be subject to personal jurisdiction pursuant to the long-arm statute of the state in which the district court is located, and there must be minimum contacts with the state by the defendant so as not to offend due process.  *Neogen Corporation v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2003).  The burden to establish personal jurisdiction resides with the plaintiff.  *Id.*

KRS 455.210(2)(a)(1), (2), (3), and (4) provide in pertinent part that a Kentucky court may exercise personal jurisdiction over a person who acts directly or through an agent as to a claim arising from that person's (1) transacting any business in the Commonwealth, (2) contracting to supply services or goods in the Commonwealth, (3) causing tortious injury by an act or omission in the Commonwealth, or (4) causing tortious injury by an act or omission outside the Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth, provided that the tortious injury occurring in the Commonwealth arises out of the doing or soliciting business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth.  Thus, plaintiffs must make a showing that the defendants are subject to personal jurisdiction under at least one of the Kentucky long-arm statue

provisions above and that the exercise of personal jurisdiction over the defendants would not offend due process.

Personal jurisdiction is further subdivided into either specific jurisdiction or general jurisdiction. These distinctions are necessary for the due process analysis.

Specific jurisdiction arises from the defendant's contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, (1985). In order for a state to exercise specific jurisdiction over a defendant, (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or cause a consequence in the forum state; (2) the cause of action must accrue from the defendant's actions in the forum state; and (3) the acts of or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction reasonable. *Southern Machine Company v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir. 1968).

The operation of a website can constitute purposeful availment if the website is interactive to the degree that demonstrates purposeful interaction with residents of the state. *Neogen Corp.*, 289 F.3d at 874. Further, where a website processes applications and assigns passwords repeatedly and continuously to citizens of the forum state, the operator of the website has purposefully availed himself of the privilege of doing business in the forum state. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.PA. 1997) (Accord *CompuServe, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir. 1996)).

Traditionally, when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, the exercise of specific jurisdiction is

proper. Different results should not be reached simply because business is conducted over the Internet. *Zippo*, 952 F.Supp. at 1124.

All of the defendants operate web sites that may be accessed from Kentucky. All of the defendants' websites accept applications, process payments, and assign passwords to members, thus allowing members access to their content.

General jurisdiction, on the other hand, arises when "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Nashville v. WEDGE Group, Inc.,* 882 F.2d 1087, 1089 (6th Cir.1989). General jurisdiction permits a court to exercise personal jurisdiction over a non-resident defendant for non-forum related activities when the defendant has engaged in "systematic and continuous" activities in the forum state. *Helicopteros Nacionales de Colombia,* 466 U.S. 408, 414-16. Thus, if the defendants' activities within Kentucky are sufficiently systematic and continuous, this Court may exercise general jurisdiction, regardless of where any of the alleged acts subject to the within lawsuit took place.

The central question to be resolved pertaining to jurisdiction is the extent to which the defendants do business in Kentucky through their websites. The answer to this question will provide necessary information to determine whether the defendants are subject to only specific jurisdiction or if they are subject to general jurisdiction in Kentucky. In order to make such a determination, plaintiffs need to take discovery prior to the Rule 26 planning conference.

WHEREFORE , plaintiffs, by and through undersigned counsel, respectfully request that the Court enter an order allowing plaintiffs 90 days to take limited discovery on the issue of personal jurisdiction and to extend plaintiffs' deadline until 30 days thereafter to respond to defendants' motion to dismiss.

Respectfully submitted,

/s/ Kenneth J. Henry
Henry & Associates, PLLC
331 Townepark Circle
Suite 200
Louisville, KY 40243
(502) 245-9100
ken.henry@henry-legal.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing and proposed order related hereto were filed using the CM/ECF system of the Court and that electronic notice shall be served upon the following:

M. Keith Lipscomb
Lipscomb Eisenberg & Baker, LP
2 Biscayne Blvd.
Penthouse Suite 3800
Miami, FL 33131
klipscomb@lebfirm.com

/s/ Kenneth J. Henry