IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JENNIFER BARKER,<br>INDIVIDUALLY AND<br>ON BEHALF OF ALL OTHERS<br>SIMILARLY SITUATED<br><br>                PLAINTIFF<br><br>Vs.<br><br><br>PATRICK COLLINS, INC.<br>   8015 Deering Avenue<br>   Canoga Park, California 91304<br><br>AND<br><br>MALIBU MEDIA, LLC<br>   31356 Broad Beach Road<br>   Malibu, California 90265<br><br>AND<br><br>RAW FILMS, LTD<br>   37 Warren Street<br>   London, W1t 6ad, UK<br><br>AND<br><br>K-BEECH, INC.<br>   9601 Mason Avenue, Unit B<br>   Chatsworth, California 91311<br><br>AND<br><br>THIRD DEGREE FILMS<br>   20525 Nordhoff Street, #4<br>   Chatsworth, CA 91311<br><br><br>                DEFENDANTS | **REPLY TO DEFENDANTS'**<br>**OBJECTION TO EARLY**<br>**DISCOVERY**<br><br>**CASE NO. 3:12-cv-00372-CRS** |

Case 3:12-cv-00372-CRS   Document 24   Filed 11/05/12   Page 2 of 5 PageID #: 326

In what may be the ultimate irony, the Defendants have objected to the taking of limited early discovery in this matter.  Their objections are ironic because they have built their new business model first on the taking of early discovery in federal reverse class-action lawsuits, and now in pure bill of discovery lawsuits in Florida state courts.  In neither instance did the Defendants in this matter (Plaintiffs in the other suits) intend to do anything further beyond getting contact information so that they and/or their agents could shake down the unfortunate individuals whose contact information they obtained.  To bastardize the litigation process and abuse the court system as the Defendants have done, and now to object to the taking of early discovery vis-à-vis their claim that this Court lacks personal jurisdiction over them is yet another display of the Defendants' total disregard for the courts and the rights of those with whom they deal.

The Court must ask, "What are the Defendants afraid of?"  The answer is clear.  The Defendants are afraid that the discovery will reveal that their contacts with Kentucky are so extensive that this Court has not only specific jurisdiction over them, but also, general jurisdiction, and therefore, this Court would have jurisdiction to hear any matter against the Defendants just as if they were physically located in Kentucky.

Obviously, counsel for the Defendants are not Biblical scholars.  They seize upon the word "genesis" and boldly state that this reference to the bill of discovery lawsuits annihilates Plaintiffs' motion to take early discovery.  While the genesis of this case, the beginning, was a bill of discovery lawsuit, filed in Florida, the crux of this lawsuit is the extortion, based upon the bastardization of the litigation process and the total disregard for the court system by the Defendants.

The Defendants' websites are certainly critical in the determination as to whether this Court has jurisdiction over the Defendants. There is no doubt that this Court has specific jurisdiction over the Defendants, as they have committed tortious acts within the Western District of Kentucky. *See* KRS 455.210(2)(a)(3). Again, the Defendants' unstated fear is that early discovery will show sufficient contacts with Kentucky to give this Court general jurisdiction over them.

Defendants' reliance on *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51 (Ky. 2011) is misplaced. In the *Caesars* case, the Kentucky Supreme Court held that Caesars' advertising in the state was not sufficient contacts to allow the state courts to exercise general jurisdiction over the casino for a slip and fall accident that occurred on its property in Indiana. In fact, *Caesars* supports the Plaintiffs' contention that personal jurisdiction over the Defendants is proper.

The Court in *Caesars* set forth a two part test to determine if personal jurisdiction would be proper. (1) Is the foreign defendant subject to personal jurisdiction pursuant to Kentucky's long arm statue? (2) Would the exercise of personal jurisdiction over the foreign defendant offend due process. *Id.* at 57. The *Caesars* Court held that the promotions and advertising Caesars engaged in within Kentucky was sufficient to meet the requirements of the long arm statute, however, it also held that the tortious injury occurred outside of Kentucky, and therefore, personal jurisdiction in that case would be improper.

The difference in this case is that the Defendants committed tortious acts within the state of Kentucky, and therefore, they are subject to personal jurisdiction here. Their shakedown of the Plaintiffs occurred in Kentucky. Ms. Barker was defamed by Malibu

Media and/or its agents in Kentucky. Ms. Hutchinson was extorted by K-Beech and/or its agents for money in Kentucky. The Plaintiffs' complained of injuries occurred in Kentucky. This is the result of the Defendants' new business model, and they cannot now avoid the consequence of conducting their dirty business in Kentucky. Their bastardization of the litigation process and abuse of the court system must stop.

>Respectfully submitted,
>
>/s/ Kenneth J. Henry
>Kenneth J. Henry
>Henry & Associates, PLLC
>331 Townepark Circle
>Suite 200
>Louisville, KY 40243
>(502) 245-9100
>*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he filed the above using the CM/ECF system for the Western District of Kentucky on November 5, 2012 and that electronic notice of the filing will be sent to the following:

Keith Lipscomb
Lipscomb Eisenberg & Baker, LP
2 Biscayne Blvd.
Penthouse Suite 3800
Miami, FL 33131
klipscomb@lebfirm.com

>/s/ Kenneth J. Henry