**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | | |
|---|---|---|
| JENNIFER BARKER and SABREE HUTCHINSON, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| PLAINTIFF, | ) ) ) ) ) ) | DEFENDANTS' PARTIALLY AGREED MOTION TO STRIKE PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO EARLY DISCOVERY |
| vs. | ) ) | |
| PATRICK COLLINS, INC.<br>    8015 Deering Avenue<br>    Canoga Park, California 91304 | ) ) ) ) | CIVIL CASE NO: <u>3:12-cv-00372-CRS</u> |
| and | ) ) | |
| MALIBU MEDIA, LLC<br>    31356 Broad Beach Road<br>    Malibu, California 90265 | ) ) ) ) | |
| and | ) ) | |
| RAW FILMS, LTD<br>    37 Warren Street<br>    London, W1t 6ad, UK | ) ) ) ) | |
| and | ) ) | |
| K-BEECH, INC.<br>    9601 Mason Avenue, Unit B<br>    Chatsworth, California 91311 | ) ) ) ) | |
| and | ) ) | |
| THIRD DEGREE FILMS<br>    20525 Nordhoff Street, #4<br>    Chatsworth, CA 91311 | ) ) ) ) | |
| DEFENDANTS. | ) ) ) | |

1

**DEFENDANTS' PARTIALLY AGREED MOTION TO STRIKE PLAINTIFFS'
REPLY <u>TO DEFENDANTS' OBJECTION TO EARLY DISCOVERY [CM/ECF 24]</u>**

Pursuant to Fed. R. Civ. P. 12(f), Defendants move for the entry of an order striking those portions of Plaintiffs' Reply to Defendants' Objection to Early Discovery [CM/ECF 24] which state "[o]bviously counsel for Defendants are not Biblical scholars," and "bastardization of the litigation process," and submits the following memorandum in support.

## I.   <u>INTRODUCTION</u>

Plaintiffs Amended Complaint [CM/ECF 8] was filed July 29, 2012.  On September 25, 2012 Plaintiffs filed their Motion for Discovery Prior to Rule 26(f) Planning Conference [CM/ECF 19] seeking personal jurisdiction discovery.  Defendants objected to this motion on October 19, 2012 and on November 5, 2012 Plaintiffs filed a Reply.  Plaintiffs' Reply is largely devoid of factual or legal support.  Indeed, much of the Reply is a mere repetition of incorrect and conclusory arguments from Plaintiffs' prior filings.  Worse, the Reply consists of an offensive *ad hominem* attack on undersigned's religious education as well as undignified language, neither of which belongs before this Court.  This attack and undignified language should be struck pursuant to Rule 12(f).

## II.   <u>ARGUMENT</u>

### A. Fed. R. Civ. P. 12(f) Allows For Striking Redundant, Immaterial, Impertinent, <u>or Scandalous Matter</u>

Federal Rule of Civil Procedure 12(f) permits for striking "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "[A] court has 'liberal discretion' to strike such filings as it deems appropriate under Rule 12(f)." <u>Johnson v. County of Macomb</u>, 2008 WL 2064968 (E.D. Mich. 2008).  "[T]he word 'scandalous' in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an

individual or states anything in repulsive language that detracts from the dignity of the court." Id. (citing Pigford v. Veneman, 215 F.R.D. 2, 4 (D.D.C. 2003)). "Impertinent allegations include statements that are not necessary to the issues presented." McKinney v. Bayer Corp., 10-CV-224, 2010 WL 2756915 (N.D. Ohio July 12, 2010).

### B. **Plaintiffs' Reply Should Be Struck Under Rule 12(f)**

Plaintiffs' reply attacks undersigned's religious education and upbringing and uses repulsive language that detracts from the dignity of the court. Instead of addressing Defendants' legal argument, the first page of Plaintiffs' reply exclaims, "[o]bviously, counsel for the Defendants are not Biblical scholars." This is deeply offensive. Undersigned was raised a Christian, was active in Campus Life and Campus Crusade (now known as "Cru") in high school and college respectively, and used undersigned's only preemptory waiver to ensure enrollment in an always oversubscribed biblical law class while attending The Cornell Law School. Undersigned is currently a member in good standing of the First Presbyterian Church in Fort Lauderdale, Florida and is a regular attendee at services. Additionally, undersigned's relative David Lipscomb co-founded the Nashville Bible School in 1891 with James A. Harding. That school was eventually renamed Lipscomb University in 1918 to give honor to undersigned's family's spiritual dedication, and it provides religious education to over 4,000 students a year. In light of the foregoing, Plaintiffs' unnecessary attacks on undersigned's religion are sincerely and deeply offensive and are also immaterial, impertinent, and scandalous.[1] In conferring with opposing counsel on this matter, opposing counsel stipulated to striking from the Reply the *ad hominem* attack, "[o]bviously, counsel for the Defendants are not Biblical scholars."

---

[1] Undersigned sincerely considered going to seminary school. Instead, undersigned followed the example of Earnest B. Lipscomb, also a relative, who is the author of an 11 volume treatise on patent law. Toward that end, undersigned has pursued a career defending the rights of intellectual property owners.

Plaintiffs admitted in their Motion for Early Discovery that "[t]he genesis of this case arises from 'pure bill of discovery' lawsuits filed in the Florida state courts." [CM/ECF 19-1]. According to Dictionary.com, "genesis" means "origin, creation, or beginning." Undersigned is well aware that the first book of the Bible is entitled "Genesis" and explains how the world was created. Plaintiffs' attack on undersigned's biblical scholarship is unfounded and irrelevant since both opposing counsel and undersigned used the word in a secular context to describe the "origin" of the instant dispute. Toward that end, Plaintiffs clearly admitted that the instant dispute originated from pure bill of discovery suits filed in Florida. In those suits, the Honorable Judge Trawick and Honorable Judge Lando both entered orders expressly permitting Defendants' lawful activity, which Plaintiffs now challenge though the instant suit.

Plaintiffs repeated accusations that Defendants are "bastardiz[ing] the litigation process" and have purposefully abused the court system in order to harass innocent individuals nationwide are baseless and unwarranted. Plaintiffs' insistence on the continued use of that phrase "cast[s] 'a cruelly derogatory light on [the Defendants].'" Pigford v. Veneman, 215 F.R.D. 2, 4 (D.D.C. 2003) (citing In re 2TheMart.com Inc. Securities Litigation, 114 F.Supp.2d 955, 965 (C.D.Cal.2000)). The Reply should be "stricken as [an] impermissible attempt[] to place before the Court irrelevant, impugning and/or inflammatory statements." Judicial Watch, Inc. v. U.S. Dept. of Commerce, 224 F.R.D. 261, 264 (D.D.C. 2004). Indeed, whether or not Plaintiffs approve of Defendants' copyright infringement suits was not at issue in the Motion for Early Discovery. Outside of a conclusory reference to the Kentucky long-arm statute and a single case, the Reply contains little law or fact. Its clear purpose was to impugn Defendants and unnecessarily inflame the Court. The repeated factually unsupported accusations are immaterial,

4

impertinent, and scandalous.  Accordingly, the language "bastardization of the litigation process" should be struck.

Indeed, at the hearing wherein the Honorable Judge Trawick granted leave to obtain Plaintiffs' identities "for the purpose of protecting and enforcing [the copyrights] as set forth in [the] Complaint," Judge Trawick took the matter very seriously.  He questioned Defendants' counsel and deliberated at length.  The Honorable Judge Lando did the same and undersigned appeared before her, twice, to argue Defendants' position in great detail.  Under these circumstances, accusing Defendants of "bastardiz[ing] the litigation process" not only impugns Defendants, it casts the wisdom and good character of both of the honorable and well respected Judges Trawick and Lando at issue.  This should not be permitted.  These Honorable Judges have outstanding records and reputations.  Opposing counsel should <u>not</u> be permitted to use curse words to describe Judge Trawick's, Judge Lando's, or Defendants' actions which were expressly endorsed by both judges.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court:

(1) Strike the offensive and crass language in Plaintiffs' Reply;

(2) Expressly admonish Plaintiffs' Counsel that offensive personal attacks and crass language detract from the dignity of the Court and the proceedings, and that any further use of personal attacks and crass language will not be tolerated and will result in sanctions;

(3) Grant Defendants any other and further relief this Court deems just and proper.


Dated: November 16, 2012

Respectfully submitted,


By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*


## LR 37.1 Certificate of Good Faith Conference

I, the undersigned, hereby certify that I conferred in good faith with opposing counsel prior to filing this motion in a good-faith effort to attempt resolve the issues raised herein. Plaintiffs' counsel agreed only to striking the sentence, "[o]bviously, counsel for the Defendants are not Biblical scholars."


By: /s/ *M. Keith Lipscomb*

M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of November, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF and on all of those parities receiving electronic notification via the Court's CM/ECF electronic filing.


By:     /s/ *M. Keith Lipscomb*
        M. Keith Lipscomb

6