IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JENNIFER BARKER and SABREE HUTCHINSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　PLAINTIFF,<br><br>vs.<br><br>PATRICK COLLINS, INC.<br>　　8015 Deering Avenue<br>　　Canoga Park, California 91304<br><br>and<br><br>MALIBU MEDIA, LLC<br>　　31356 Broad Beach Road<br>　　Malibu, California 90265<br><br>and<br><br>RAW FILMS, LTD<br>　　37 Warren Street<br>　　London, W1t 6ad, UK<br><br>and<br><br>K-BEECH, INC.<br>　　9601 Mason Avenue, Unit B<br>　　Chatsworth, California 91311<br><br>and<br><br>THIRD DEGREE FILMS<br>　　20525 Nordhoff Street, #4<br>　　Chatsworth, CA 91311<br><br>　　　　　　　DEFENDANTS. | DEFENDANTS' REPLY TO PLAINITFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE<br><br>CIVIL CASE NO: 3:12-cv-00372-S |

1

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................4

II.   PROCEDURAL POSTURE ................................................................................................4

III.  ARGUMENT .......................................................................................................................5

    A.   Online Peer-to-Peer Copying and Distribution is Copyright Infringement .............5

    B.   Most Courts Have Found Defendants' Lawsuits to Be Proper ................................7

    C.   Plaintiffs Have Failed to Demonstrate Good Cause for Early Discovery..............11

    D.   Defendants' Unrelated Lawsuits Have No Bearing on This Case..........................12

IV.   CONCLUSION ..................................................................................................................12

# **TABLE OF AUTHORITIES**

*A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001) ..................................... 6
*AF Holdings, LLC v. Does 1-162*, 2012 WL 488217 at *1 (S.D. Fla. 2012) ............................... 11
*Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) .......................................................... 5
*Bonded Rental Agency, Inc. v. City of Miami,* 192 So.22 305, 206 (Fla. 3d DCA 1966) ............... 8
*Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 344 (D.D.C. 2011) .............. 8
*First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 257 (N.D. Ill. 2011) ................................. 9
*In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003) ................................................. 6
*In re Charter Communications, Inc. Subpoena Enforcement Matter*, 393 F.3d 771, 774 (8th Cir. 2005) ............................................................................................................................................. 6
*Malibu Media LLC v. John Does 1-12,* 12-1342, 2012 WL 5928528 (C.D. Ill. 2012) ................... 7
*Malibu Media, LLC v. Doe 6*, 2012 WL 5866246 (D. Colo. 2012) ................................................ 9
*Malibu Media, LLC v. John Does 1-14*, 2012 WL 6115653 (N.D. Ind. Dec. 10, 2012) ................ 9
*Malibu Media, LLC v. John Does 1-25*, 2012 WL 3940142 (M.D. Fla. 2012) .............................. 9
*Malibu Media, LLC v. John Does 1-5*, 83 Fed. R. Serv. 3d 593 (S.D.N.Y. 2012) .......................... 9
*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.* 545 U.S. 913, 125 S.Ct. 2764 (2005).......... 5
*Milton v. City of Marianna*, 107 Fla. 251 (Fla. 1932) .................................................................... 8
*Nucorp, Inc. v. John Does 1-24*, 11-cv-15222 (E.D. Mich. Oct. 18, 2012) .................................... 8
*Parsons v. Hassen*, 2007 WL 4327960 (E.D. Ky. 2007) .............................................................. 12
*Patrick Collins, Inc. v. Does 1-23,* 1:12-cv-01641-MSK-MEH (D. Colo. 2012) ......................... 10
*Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 169 (E.D. Mich. 2012) ......................... 8
*Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012) .................................. 9
*Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. Sept. 18, 2012) ................. 10
*Perelman v. Perelman,* 2011 WL 3330376 (E.D. PA 2011) ......................................................... 12
*Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984) ................................................................ 12
*RIAA v. Verizon Internet Services, Inc.,* 351 F.3d 1229, 1238 (D.C. Cir. 2003) ............................ 6
*Sony v. Tennenbaum*, 2011 WL 4133920 at *11 (1st Cir. 2011) .................................................... 6
*Sony v. Tennenbaum,* 660 F.3d 487 (1st Cir. 2011) ........................................................................ 5
*Third Degree Films v. Does 1-36*, 2012 WL 2522151 (E.D. Mich. May 29, 2012) ...................... 9
*UMG Recording, Inc. v. Alburger*, 2009 WL 3152153, *3 (E.D. PA. 2009) ................................. 6

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO STRIKE [CM/ECF 25]**

**I.     INTRODUCTION**

Defendants own the copyrights in works that are infringed tens-of-thousands of times a week by U.S. citizens, including many people residing in this District.  Presented with these facts, and that Plaintiffs' IP Addresses were used to commit infringements, two Florida Judges entered orders in Pure Bill of Discovery suits authorizing Defendants to subpoena Plaintiffs' identities for purposes of enforcing Defendants' copyrights.  Plaintiffs now seek to persecute the victims of Plaintiffs' infringement and wrongfully accuse Defendants of "bastardizing" the litigation process.  First, this type of vulgar language has no place in civil litigation.  Second, Plaintiffs' *ad hominem* attacks are a blatant attempt to divert this Court from the issue.  Namely, should Plaintiffs be permitted to conduct personal jurisdiction discovery prior to this Court resolving Defendants' outcome dispositive Motion to Dismiss.

In short, Plaintiffs' counsel should be publically admonished for using inappropriate language and slanderous *ad hominem* attacks.

**II.    PROCEDURAL POSTURE**

Plaintiffs' Amended Complaint [CM/ECF 8] was filed July 29, 2012.  On September 25, 2012 Plaintiffs filed their Motion for Discovery Prior to Rule 26(f) Planning Conference [CM/ECF 19] seeking personal jurisdiction discovery.   On October 19, 2012, Defendants opposed Plaintiffs' motion and explained why Plaintiffs had failed to establish "good cause" to take early discovery.  On November 5, 2012, Plaintiffs filed a slanderous and inappropriate reply. In response, on November 16, 2012 [CM/ECF 25], Defendants filed a Motion to Strike.

III. **ARGUMENT**

A. **Online Peer-to-Peer Copying and Distribution is Copyright Infringement**

During her testimony before the U.S. Senate, the Register of Copyrights stated "Mr. Chairman, make no mistake. The law is unambiguous. Using peer-to-peer networks to copy or distribute copyrighted works without permission is infringement and copyright owners have every right to invoke the power of the courts to combat such activity. *Every court* that has addressed the issue has agreed that this activity is infringement."[1] (Emphasis added.) Vice President Biden stated: "[i]t's smash and grab, no different than a guy walking down Fifth Avenue and smashing the window at Tiffany's and reaching in and grabbing what's in the window."[2] The Supreme Court in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.* 545 U.S. 913, 125 S.Ct. 2764 (2005), found that Grokster was liable for contributory infringement because it materially aided and induced its users to commit direct infringement via its peer-to-peer file sharing service. Similarly, the First, Second, Seventh, Eighth, Ninth and D.C. Circuits have all held that peer-to-peer infringement is actionable. *See Sony v. Tennenbaum,* 660 F.3d 487 (1st Cir. 2011) holding in a twenty-six (26) page opinion that Tennenbaum was liable for infringement committed through a peer-to-peer network, that peer-to-peer infringement is not "fair use" nor would any other defense shield Tennenbaum's tortious conduct, and that the statutory damages clause set forth in the Copyright Act is constitutional; *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) denying an individual John Doe Defendant's motion to quash a subpoena issued to an internet service provider in response to an allegation that the John Doe Defendant infringed Arista's copyrights through a peer-to-peer file sharing network; *In re Aimster Copyright Litigation*, 334

---

[1] *Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary,* 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

[2] *See* http://www.reuters.com/article/2010/06/22/us-usa-trade-web-idUSTRE65L3YN20100622

5

F.3d 643 (7th Cir. 2003) upholding a preliminary injunction because Aimster was contributorily liable for its users' direct infringements; *In re Charter Communications, Inc. Subpoena Enforcement Matter*, 393 F.3d 771, 774 (8th Cir. 2005) opining that copyright owners can use a Rule 45 subpoena to identify peer-to-peer file sharers because those file sharers *are* infringing the owners' copyrights; *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001) "[w]e agree that the plaintiffs have shown that Napster users infringe at least two of the copyright holders' exclusive rights: the rights of reproduction, § 106(1); and distribution, § 106(3);" and *RIAA v. Verizon Internet Services, Inc.,* 351 F.3d 1229, 1238 (D.C. Cir. 2003) repetitively acknowledging that file sharing is infringement. Significantly, "District courts . . . agree . . . that downloading [works] from the internet, without paying for [them] or acquiring any rights to [them], is a direct violation of the Copyright Act." *UMG Recording, Inc. v. Alburger*, 2009 WL 3152153, *3 (E.D. PA. 2009).

In 1999, Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by increasing the statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 <u>to increase the minimum and maximum awards</u> available under § 504(c). See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement. Congress found that "copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies," and cautioned that 'the potential for this problem to worsen is great.'

*Sony v. Tennenbaum,* 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added). By specifically amending the Copyright Act to deter on-line infringement Congress evinced a clear and unmistakable intent that people who illegally download be held to account.

6

The Copyright Registrar further explained that it is a copyright owner's right to *threaten* suit against file sharers:

> [F]or some users of peer-to-peer technology, even knowledge that what they are doing is illegal will not be a sufficient disincentive to engage in such conduct. But whether or not these infringers know or care that it is against the law, the knowledge that such conduct may lead to expensive and burdensome litigation and a potentially large judgment should have a healthy deterrent effect. While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored. <u>For many people, the best form of education about copyright in the internet world is the threat of litigation.</u> In short, if you break the law, you should be prepared to accept the consequences.

*Id*. (Emphasis added.) The Copyright Registrar further added that "[c]opyright owners have every right to enforce their rights in court…against the person engaging in individual acts of infringement using such (peer-to-peer) services." Defendants' Pure Bill of Discovery suits, as well as their joined federal suits and individual federal suits, all seek to deter infringement. Accordingly, Defendants' suits are consistent with the policy underlying the Digital Theft Deterrence and Copyright Damages Improvement Act of 1999.

### B. Most Courts Have Found Defendants' Lawsuits to Be Proper

Plaintiffs argue that the Honorable Judge Trawick and Honorable Judge Lando, who both entered orders permitting Defendants to subpoena Plaintiffs' identities, did not endorse Defendants efforts to protect their copyrights. This is not true. As stated in Defendants' Motion to Strike, after hearings, both judges granted Defendants' motions after being "fully apprised in the premises."

Judges Trawick and Lando are in good company; courts across the country have validated Defendants' efforts. *See e.g. Malibu Media LLC v. John Does 1-12,* 12-1342, 2012 WL 5928528 (C.D. Ill. 2012) ("Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial

7

federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy"); *Nucorp, Inc. v. John Does 1-24*, 11-cv-15222 (E.D. Mich. Oct. 18, 2012) ("Our justice system allows plaintiffs who have made allegations in accordance with procedural rules and substantive law, as [p]laintiff has done here, to proceed with their cases"); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 344 (D.D.C. 2011) ("[P]laintiffs … are currently obtaining identifying information from ISPs so that they can properly name and serve the defendants. If the Court were to consider severance at this juncture, plaintiffs would face significant obstacles in their efforts to protect their copyrights from illegal file-sharers and this would only needlessly delay their cases").

Each of the cases cited by Plaintiffs was decided *sua sponte* without the opportunity for the copyright holders to explain their position. The issue in those cases was whether joinder under Rule 20 is proper. First, in Florida, "the joinder of parties in equity is largely a matter of discretion." *Bonded Rental Agency, Inc. v. City of Miami,* 192 So.22 305, 206 (Fla. 3d DCA 1966), citing *Milton v. City of Marianna*, 107 Fla. 251 (Fla. 1932). Here, the Defendants' bills of discovery suits were based upon identical facts. Consequently, the Florida state court judges cannot be found to have abused their discretion by permitting joinder. Accordingly, the cases cited by Plaintiffs are off point. Second, <u>none</u> of the cases cited by Plaintiffs found that it was improper for a copyright owner to use a Rule 45 subpoena to identify a doe defendant in an individual lawsuit. Third, as for the propriety of joinder in federal suits, under Rule 20, the majority of Courts hold that joinder is proper. *See e.g. Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 169 (E.D. Mich. 2012) *report and recommendation adopted,* 2012 WL 4498373 (E.D. Mich. Sept. 28, 2012) ("the technology underlying BitTorrent does make it different from other file sharing methods, for joinder purposes. Joinder is proper in this case"); *Third Degree*

8

*Films v. Does 1-36*, 2012 WL 2522151 (E.D. Mich. May 29, 2012) ("[a]t this time, however, the Court finds joinder proper"); *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 257 (N.D. Ill. 2011) ("[a]t this stage, joinder is appropriate"); *Malibu Media, LLC v. John Does 1-14*, 2012 WL 6115653 (N.D. Ind. Dec. 10, 2012) ("Plaintiff has met both requirements of permissive joinder under Rule 20, and as such, Doe No. 12 will not be severed on the basis of misjoinder. Nor will the Court . . . order separate trials under Rule 20(b) at this stage of the proceedings.") Fourth, no court has ever found that Malibu Media, LLC or Patrick Collins, Inc. has violated a rule of civil procedure or otherwise abused the litigation process. Indeed, many, many courts have expressly found that they have acted in good faith. *See Malibu Media, LLC v. John Does 1-25*, 2012 WL 3940142 (M.D. Fla. 2012) ("Plaintiff 'was amendable to keeping the names of the John Doe Defendants confidential in an effort to engage in good-faith discussions prior to identifying a John Doe Defendant as a named defendant in the lawsuit.'"); *Malibu Media, LLC v. John Does 1-5*, 83 Fed. R. Serv. 3d 593 (S.D.N.Y. 2012) ("[N]one of the instances of improper litigation tactics that have been brought to our attention involve plaintiff or plaintiff's counsel. We are reluctant to prevent plaintiff from proceeding with its case based only on a 'guilt-by-association' rationale"); *Malibu Media, LLC v. Doe 6*, 2012 WL 5866246 (D. Colo. 2012) ("[I]n this district, the Plaintiff and its counsel have demonstrated their willingness to proceed against single identified defendants in the same or very similar cases… Any issue regarding whether the copyright holder intends to actually pursue its claims against identified defendants to trial has been resolved, at least in this District as set forth above"). Indeed, in *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012) Judge Cudmore noted that similar claims by a putative defendant were entirely baseless.

> Doe/4 further makes no showing that Collins is fabricating a false claim. Doe/4 does *not* allege that Collins pulled the Alleged IP Addresses out of thin air without

> a good faith basis to believe those addresses were used to download the Work. Doe/4 does *not* challenge any of the procedures used by Collins' investigator to identify infringing IP addresses, including the Alleged IP Addresses. Doe/4 does *not* dispute that the Alleged IP Addresses were used to download and upload portions of the same unique copy of the Work. Doe/4, thus, does *not* dispute that Collins traced the Alleged IP Addresses to this District. <u>Doe/4 presents *no* basis for the claim that Collins is improperly attempting to extract settlements from innocent people.</u>

*Id.* (Emphasis added.)

Most importantly, the equities of joinder and the equities associated with the enforcement of copyrights against peer-to-peer infringers in general is simply <u>not</u> at issue in a motion which seeks to adjudicate the propriety of early personal jurisdiction discovery. Since Plaintiffs' counsel has neither the law nor the facts on his side, he resorted to the use of *ad hominen* attacks. It is a child's tactic. This Court should reject it. Indeed, as the Honorable Magistrate Judge Hegarty stated, in one of Patrick Collins, Inc.'s cases, federal court judges take an oath to apply the law in a fair and neutral way:

> I think some judges around the country are violating their oath by treating these cases in a way that is different than any other litigation filed because they just don't like it, they don't like the proliferation, they don't like maybe the subject matter . . . I do not feel the freedom to violate the Federal Rules of Civil Procedure and put undue burden on the plaintiff . . . so I've tried to be very careful in—in giving them the benefit of the law, which I have to because every—<u>every entity that appears before the U.S. District Court is entitled to equal treatment, equal process</u> . . . I have seen what I think is unnecessary hostility toward these cases . . . <u>Congress created the law that gives Malibu Media the authority to bring lawsuits, and Congress can change the law, but in the meantime, the courts are limited to applying the law.</u>

*Patrick Collins, Inc. v. Does 1-23,* 1:12-cv-01641-MSK-MEH (D. Colo. 2012), *Transcript of Hearing on October 10, 2012* (emphasis added). Numerous other courts have rejected these *ad hominem* attacks. See e.g., *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. Sept. 18, 2012) ("One person's cottage industry in harassing lawsuits is another person's vigilant defense of property rights . . . The proliferation of these types of lawsuits would be expected

10

given the alleged infringement by thousands of people"); *AF Holdings, LLC v. Does 1-162*, 2012 WL 488217 at *1 (S.D. Fla. 2012) ("The only argument remaining—that copyright infringement suits of this sort are baseless 'fishing expeditions' used solely to extort money from alleged infringers—amounts to nothing more than an *ad hominem* attack on the Plaintiff. This line of argument fails to persuade.")

### C. Plaintiffs Have Failed to Demonstrate Good Cause for Early Discovery

Instead of attempting to support Plaintiffs' argument for early discovery, Plaintiffs intentionally used profanity and cited cases which have nothing to do with the propriety of early discovery. Early discovery is granted only upon a finding of "good cause." Criticisms of Defendants' anti-piracy efforts do not warrant a "departure from usual discovery procedures."

As set forth in Defendants' response to Plaintiffs' motion to take early discovery, Plaintiffs have not demonstrated good cause because "(a) the acts sought to be discovered cannot form the basis for specific jurisdiction, and (b) Plaintiffs cannot overcome Defendants' outcome dispositive Rule 12(b)(1) and 12(b)(6) motion to dismiss." *See Def.'s Memorandum in Opposition*, p. 6.

To be clear, Defendants filed an outcome dispositive motion to dismiss that is pending. Defendants fully expect to win this motion. Indeed, Plaintiffs' claims are frivolous and have no basis under the law. It is time to end the charade and dismiss this case! With that in mind, engaging in personal jurisdiction discovery would be a complete waste of the parties' resources. Further, since "[s]ubject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power," and this Court does not have subject matter jurisdiction, any order permitting Defendant to take personal jurisdiction discovery would be invalid and unenforceable. *Parsons v. Hassen*, 2007 WL 4327960 (E.D. Ky. 2007).

Far from permitting early discovery, when there is an outcome dispositive motion to dismiss, the equities and common sense favor staying discovery. "Where a pending motion to dismiss may dispose of the entire action . . . the balance generally favors granting a motion to stay." *See Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984); *Perelman v. Perelman,* 2011 WL 3330376 (E.D. PA 2011) ("a stay was warranted where resolution of dispositive motion could 'potentially lead to' the end of the case and would certainly provide the parties with 'full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur.'")

### D. Defendants' Unrelated Lawsuits Have No Bearing on This Case

Plaintiffs' quip that it is "the ultimate irony" that Defendants resist early discovery while seeking early discovery in Defendants' cases fails to appreciate two *very* important facts: (1) Defendants' claims for copyright infringement are viable and (2) Defendants cannot proceed without the discovery. Here, conversely, (1) Plaintiffs' complaint does not state even one viable claim and (2) Plaintiffs can address Defendants' 12(b)(1) and 12(b)(6) arguments prior to conducting personal jurisdiction discovery. Indeed, the personal jurisdiction issue is entirely separable from the other two independent bases upon which this Court should dismiss Plaintiffs' Complaint. In short, it is neither hypocritical nor ironic that Defendants file appropriate motions for early discovery while opposing the instant motion.

## IV. CONCLUSION

In conclusion, Plaintiffs' *ad hominen* attacks and use of vulgar language is an inappropriate, offensive diversion tactic for which Plaintiffs' counsel should be admonished. Further, this Court should reject Plaintiffs' invitation to ignore the law based upon Plaintiffs' misrepresentation of the equities. Indeed, Plaintiffs' attempt to persecute the victims of a massive

crime turns equity on its head. It is repugnant. For the foregoing reasons, Defendants respectfully request that the Court:

(1) Strike the offensive and crass language in Plaintiffs' Reply;

(2) Expressly admonish Plaintiffs' Counsel that offensive personal attacks and crass language detract from the dignity of the Court and the proceedings, and that any further use of personal attacks and crass language will not be tolerated and will result in sanctions;

(3) Grant Defendants any other and further relief this Court deems just and proper.

Dated: December 12, 2012

                                              Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                                By:  /s/ *M. Keith Lipscomb*