UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JENNIFER BARKER AND SABREE HUTCHINSON,
Individually and on Behalf of All Others Similarly Situated            PLAINTIFFS

v.                                         CIVIL ACTION NO. 3:12-CV-00372-CRS

PATRICK COLLINS, INC., ET AL.                              DEFENDANTS

**MEMORANDUM OPINION**

      This matter is before the Court on a motion to dismiss filed by the defendants, Patrick Collins, Inc., Malibu Media, LLC, Raw Films, Ltd., K-Beech, Inc., and Third Degree Films (collectively "Defendants"), against the plaintiffs, Jennifer Barker and Sabree Hutchinson, individually and on behalf of all others similarly situated (collectively "Plaintiffs") (DN 15). For the reasons set forth below, the Court will grant the motion to dismiss

**DISCUSSION**

      For a statement of the facts relevant to this dispute, refer to the Court's July 19, 2013, Memorandum Opinion and Order ("July 19 Opinion") denying Plaintiffs' motion for limited discovery and Defendants' motion to strike portions of Plaintiffs' reply brief. (Memorandum Opinion and Order, DN 30, at 1–3).

      The sole issue presented for the Court's resolution is whether Plaintiffs' claims are subject to dismissal for either failure to state a claim on which relief can be granted or lack of subject matter or personal jurisdiction. Because the Court concludes that Plaintiffs have failed to sustain their burden of establishing that Defendants are subject to personal jurisdiction in Kentucky, Defendants' Motion to Dismiss must be granted.

The plaintiff bears the burden of establishing personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). While the district court may choose to hold an evidentiary hearing to determine whether jurisdiction exists, it need not do so. If no hearing is held, the plaintiff "need only make a prima facie showing of jurisdiction," *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996), meaning that the court may not "consider facts proffered by the defendant that conflict with those offered by the plaintiff," *Neogen*, 282 F.3d at 887, and "must consider the pleadings and affidavits in a light most favorable to the plaintiff," *CompuServe*, 89 F.3d at 1262.

A federal district court may exercise personal jurisdiction over any person subject to the jurisdiction of the state in which it sits. *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 148 (6th Cir. 1997). In Kentucky,

> the proper analysis of long-arm jurisdiction over a nonresident defendant consists of a two-step process. First, review must proceed under KRS 454.210 to determine if the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories. If not, then *in personam* jurisdiction may not be exercised. When that initial step results in a determination that the statute is applicable, a second step of analysis must be taken to determine if exercising personal jurisdiction over the non-resident defendant offends his federal due process rights.

*Caesars v. Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011).

In analyzing the due-process limits of personal jurisdiction, a distinction is made between "general" jurisdiction and "specific" jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 n. 15 (1985). In general jurisdiction cases, the defendant's contacts with the forum state must be sufficiently "continuous and systematic" that the state may exercise personal jurisdiction over the defendant even if the cause of action is wholly unrelated to the defendant's contacts with the state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984). By contrast, in specific jurisdiction cases, the state may only "exercise[] personal

jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Id.* at 414 n. 8.

For reasons similar to those set forth in the July 19 Opinion, the Court concludes that Plaintiffs have failed to satisfy their burden of establishing personal jurisdiction. In their Complaint, Plaintiffs assert the following claims against the Defendants: 1) civil conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO") based on Defendants' alleged attempt to extort monetary settlements from Plaintiffs by threatening to publicly disclose that they had accessed pornography on the internet; 2) common law fraud; 3) common law defamation; 4) intentional infliction of emotional distress; and 5) unjust enrichment. (Complaint, DN 1, at ¶¶ 23–41). Plaintiffs' Response to Defendants' Motion to Dismiss contains the following discussion—and only the following discussion—relevant to the issue of personal jurisdiction:

> The Defendants in this matter all operate web sites that transmit their pornography into the Commonwealth of Kentucky. They all accept subscriptions from Kentucky citizens who wish to view their pornography. They all derive significant revenue from Kentucky citizens. Additionally, K-Beech and Malibu Media victimized the Plaintiffs through their predatory use of the courts and fraudulent behavior. Finally, the acts of the Defendants leading to the harm complained of in the complaint and first amended complaint occurred in Kentucky, and the harm resulted in Kentucky.

(Response to Motion to Dismiss, DN 31, at 5).[1] As intimated in the July 19 Opinion, these facts are insufficient to sustain Plaintiffs' burden of establishing personal jurisdiction.[2] First, as we stated therein, "There is no connection… between pornography sales through websites… accessed on a regular basis by Kentucky residents and the purported extortionate acts alleged to

---

[1] Interestingly, this discussion does not appear in the body of Plaintiffs' Response, but is instead located in a section entitled "Facts." Although it is thus unclear whether Plaintiffs intended this discussion to constitute their personal jurisdiction argument, the fact that they do not discuss personal jurisdiction anywhere else suggests that they likely did.

[2] We note here that Plaintiffs have not put forth any personal jurisdiction argument relating to their civil conspiracy claim under RICO. Therefore, the court will only consider those arguments seeking to establish personal jurisdiction with respect to the common law torts asserted by the Plaintiffs.

have been committed against the plaintiffs in this action." (Memorandum Opinion and Order, DN 30, at 1–3). Second, Plaintiffs have failed to establish that the "fraudulent behavior" allegedly committed by the Defendants took place in Kentucky as required by KY. REV. STAT. § 454.210(2)(a)(3). Third, although Plaintiffs allege that Defendants "derive significant revenue from Kentucky citizens" and thus appear to argue that jurisdiction is proper under KY. REV. STAT. § 454.210(2)(a)(4), their failure to address the requirement that "the tortious injury… arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the [state]" renders this argument unavailing. Finally, Plaintiffs have not alleged anything resembling the kind of "continuous and systematic" contacts necessary to justify the assertion of general jurisdiction. For these reasons, the Court concludes that Plaintiffs have failed to satisfy their burden of establishing personal jurisdiction over Defendants. Therefore, the Court will grant Defendants' Motion to Dismiss.

    A separate order will be entered in accordance with this opinion.

                                                      Charles R. Simpson III, Senior Judge
                                                      United States District Court

November 4, 2013