UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JENNIFER BARKER AND SABREE HUTCHINSON,
Individually and on Behalf of All Others Similarly Situated     PLAINTIFFS

v.     CIVIL ACTION NO. 3:12-CV-00372-CRS

PATRICK COLLINS, INC., ET AL.     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Plaintiffs Jennifer Barker and Sabree Hutchinson's (collectively "Plaintiffs") Motion to Reconsider (DN 41) of our November 5, 2013, Memorandum Opinion and Order (DN 39) dismissing their case against Defendants Patrick Collins, Inc., Malibu Media, LLC, Raw Films, Ltd., K-Beech, Inc., and Third Degree Films (collectively "Defendants"). For the reasons set forth below, the Court will deny the motion to reconsider.

## BACKGROUND

On November 5, 2013, we issued a Memorandum Opinion and Order wherein we dismissed Plaintiffs' case on the grounds that they had failed to establish personal jurisdiction over Defendants. On November 8, 2013, Plaintiffs filed the present motion to reconsider,[1] arguing that we erred in concluding that Defendants were not subject to personal jurisdiction.

---

[1] Although Plaintiffs have styled their motion as a motion to vacate, the Court interprets Plaintiffs' motion as a motion to reconsider because Plaintiffs' brief does not address Fed. R. Civ. P. 60(b), but instead argues that the Memorandum Opinion and Order resulted from a clear error of law of the type to be addressed under Fed. R. Civ. P. 59(e). In addition, Plaintiffs' brief is entitled "Memorandum in Support of Motion to Reconsider." *See* (Memorandum in Support of Motion to Vacate, DN 41-1, at 1).

Having reviewed Plaintiffs' brief and being otherwise sufficiently advised, the Court will now address Plaintiffs' Motion to Reconsider.

## STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to reconsider a final order or judgment within ten days of entry thereof. *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). Under Rule 59(e), a district court may grant a motion to alter or amend "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). "To constitute newly discovered evidence, the evidence must have been previously unavailable." *Id.*

Importantly, however, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Thus, the party seeking reconsideration cannot simply seek a second bite of the apple and it bears "[t]he burden of demonstrating the existence of a manifest error of fact or law." *Doe v. Patton*, 381 F. Supp. 2d 595, 605 (E.D. Ky. 2005) *aff'd sub nom. Doe v. Magoffin Cnty. Fiscal Court*, 174 F. App'x 962 (6th Cir. 2006).

## DISCUSSION

The sole basis for Plaintiffs' Motion to Reconsider lies in their contention that the Court made a clear error of law in concluding that Defendants were not subject to personal jurisdiction in Kentucky. To support this contention, Plaintiffs argue that Defendants subjected themselves to Kentucky's jurisdiction by making extortionate telephone calls to Plaintiffs' Kentucky residences, thereby "causing tortious injury by an act or omission in [Kentucky]" within the meaning of KY. REV. STAT. § 454.210(2)(a)(3). However, to the extent these arguments are

cumulative of those presented and resolved in earlier rulings, *see* (Memorandum Opinion and Order, DN 30, at 8–9); (Memorandum Opinion and Order, DN 39, at 3–4), we conclude that they do not warrant consideration. Accordingly, the Court will deny Plaintiffs' Motion to Reconsider.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

January 16, 2014